IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY LEE GIBSON, | : | |
| Plaintiff | : | No. 1:25-cv-02375 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| DAUPHIN COUNTY ADULT | : | (Chief Magistrate Judge Bloom) |
| PROBATION, et al., | : | |
| Defendants | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On December 10, 2025, Plaintiff Timothy Lee Gibson ("Plaintiff") initiated the above-captioned action by filing a pro se complaint against Defendants Dauphin County Adult Probation, Harrisburg City Police Department, Adult Probation Officer Bruce Cutter, and Harrisburg Police Officer Jacobbi Harper (collectively, "Defendants") alleging claims pursuant to 42 U.S.C. § 1983 arising out of a search and seizure conducted on November 23, 2021. (Doc. No. 1.) Plaintiff subsequently filed a motion for leave to proceed in forma pauperis on December 16, 2025. (Doc. No. 5.)

Now before the Court is Chief Magistrate Judge Bloom's January 15, 2026 Report and Recommendation ("R&R"). (Doc. No. 6.) In his R&R, Chief Magistrate Judge Bloom notes his grant of Plaintiff's motion for leave to proceed in forma pauperis, but "for screening purposes only," as he ultimately recommends that the Court dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. (Doc. No. 6 at 2, 5.) Chief Magistrate Judge Bloom's recommendation is based on the statute of limitations for Section 1983 claims—which he notes mirrors the applicable state's statute of limitations for personal injury claims—and the date on which Plaintiff ultimately filed his complaint, December 10, 2025. (Id. at 5.) Noting

that the Pennsylvania limitations period for personal injury claims is two years, and that the

alleged "illegal search and seizure of Gibson's person" occurred on November 23, 2021, Chief

Magistrate Judge Bloom concludes that Plaintiff, having not filed his complaint until "more than

four years after the alleged unlawful conduct accrued," is accordingly "barred from raising his

claim by the two-year statute of limitations."  (Id. at 5–6.)  Because he concludes that any effort

to amend the complaint would be time-barred, Chief Magistrate Judge Bloom recommends that

the Court dismiss Plaintiff's complaint with prejudice.  (Id. at 6 & n.23.)

On January 27, 2026, Plaintiff filed a timely objection to the R&R.  (Doc. No. 7.)  On

February 10, 2026, Plaintiff filed: (1) "Preliminary Injunction for Mandatory Body Worn

Camera Use" (Doc. No. 8); (2) "First Request for Admissions to Defendants" (Doc. No. 9); and

(3) an exhibit (Doc. No. 10).  In his objection, Plaintiff argues that the R&R "erroneously

concludes that the statute of limitations has expired" as it "fail[s] to account for the Discovery

Rule and the date on which the claim actually accrued following the Pennsylvania Superior

Court's March 19, 2025, decision."  (Doc. No. 7 at 2.)  Asserting that the Supreme Court case of

Heck v. Humphrey[1] established the principle that "a § 1983 plaintiff cannot bring a claim that

would necessarily imply the invalidity of an extant conviction until that conviction has been

reversed or vacated," Plaintiff argues that because his conviction was based on evidence obtained

through an unconstitutional seizure, "his § 1983 claim for damages could not have been

maintained until that conviction was officially vacated [by the Pennsylvania Superior Court] on

March 19, 2025."  (Doc. No. 7 at 3.)  Accordingly, Plaintiff asserts that the Pennsylvania two-

year statute of limitations began to run on March 19, 2025, thereby making his December 10,

2025 complaint timely.  (Id. at 4.)

---

[1]  Heck v. Humphrey, 512 U.S. 477 (1994).

Moreover, claiming that "Pennsylvania's Discovery Rule tolls the statute of limitations until a party knows, or through due diligence should know, that they have suffered an injury caused by another party's conduct," Plaintiff further asserts that he "acted with due diligence by challenging the underlying constitutional violation throughout his criminal case," but that he "could not have legally established the 'injury' of a constitutional violation while the trial court's order denying his motion to suppress [the evidence obtained through the November 23, 2021 search] remained valid." (Id.) For these reasons, Plaintiff argues that "[t]he Court should reject the recommendation for dismissal and allow [his] 1983 claim to proceed on [the] merits." (Id.)

Upon review of Chief Magistrate Judge Bloom's R&R, Plaintiff's objection, and the applicable law, the Court finds that Chief Magistrate Judge Bloom correctly determined that Plaintiff's Section 1983 claims are time-barred. To prevent collateral attacks on extant criminal judgments through civil litigation, the Supreme Court in Heck held that, like "the common law tort of malicious prosecution" under which a "plaintiff cannot recover unless and until the underlying criminal proceedings terminate in his or her favor," a Section 1983 plaintiff seeking to recover damages for an allegedly unconstitutional conviction or imprisonment, or "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must:

> prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

See Heck, 512 U.S. at 484–87.

"Put simply, if judgment in the § 1983 plaintiff's favor 'would necessarily imply the invalidity of [her] conviction or sentence,' the action must be dismissed unless that conviction or sentence 'has already been invalidated.'" See Coello v. DiLeo, 43 F.4th 346, 353 (3d Cir. 2022) (quoting Heck, 512 U.S. at 487). Since "these Section 1983 plaintiffs must wait to bring their

3

civil claims until the underlying criminal proceedings are favorably resolved," "they are not governed by the same claim-accrual rules that apply in other federal cases." See id. Instead, a "§ 1983 claim that attacks the validity of a plaintiff's conviction or sentence does not accrue for statue-of-limitations purposes until the underlying criminal case is favorably terminated." See id.

In Nguyen v. Pennsylvania, 906 F.3d 271 (3d Cir. 2018), the Third Circuit Court of Appeals clarified that Heck's deferred accrual rule does not apply to claims alleging an unconstitutional search and seizure. In Nguyen, the plaintiff was prosecuted after a search conducted during a traffic stop revealed that he was in possession of various illegal drugs. See Nguyen, 906 F.3d at 272. During the subsequent criminal proceedings, plaintiff moved to suppress the drugs, but the trial court ultimately denied the motion. See id. at 273. The state appellate court, however, reversed, finding that the search violated the Fourth Amendment, and the Commonwealth thereafter dismissed the charges. See id. The plaintiff subsequently sued the officer who conducted the traffic stop and search under Section 1983, arguing, inter alia, that the officer violated his Fourth Amendment rights by conducting an unreasonable search and seizure. See id. The district court granted the defendant officer's motion for summary judgment, finding that the statute of limitations for plaintiff's claim had run. See id. On appeal to the Third Circuit, the plaintiff argued that the limitations period began to run when the Pennsylvania court determined that the search was unconstitutional, not when the search occurred. See id. The Third Circuit disagreed, finding that "[f]ederal law, not state law, determines when a limitations period begins to run." See id. "Under federal law, the statute of limitations runs from the moment that a claim accrues . . . [a]nd a claim accrues when the last act needed to complete the tort occurs. For a search, that is the moment of the search." See id. As the relevant last act was

4

the officer's search of the plaintiff, and not the Pennsylvania court decision invalidating the search, the Third Circuit found that the plaintiff failed to meet the two-year statute of limitations period, as they filed their suit three and half years after the search at issue. See id.

In the instant case, Plaintiff alleges that the named "probation/police officers[,] act[ing] under the color of [the] law[,] violate[d] his Fourth Amendment [right] to be free from unreasonable searches and seizures by illegally detaining [him] and searching [him] without proper authority or justification." (Doc. No. 1 at 1–2.)  He further asserts that "I suffered damages as a result—I was convicted from the illegal search."[2]  (Id. at 2.)  As Plaintiff asserts an unconstitutional search and seizure claim pursuant to Section 1983, Nguyen dictates that his cause of action accrued on the date of the alleged search, not on March 19, 2025, when his judgment of sentence was vacated by the Pennsylvania Superior Court.  (Doc. No. 1-2 at 1.)  As noted by Chief Magistrate Judge Bloom, the search at issue occurred on November 23, 2021, and Plaintiff did not file the instant action until December 10, 2025.  (Doc. No. 1.)  As such, Plaintiff failed to file his complaint within the relevant two-year limitations period. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) ("The statute of limitations for a § 1983 claim arising in Pennsylvania is two years.").  The Court will dismiss Plaintiff's complaint with prejudice as recommended by Chief Magistrate Judge Bloom because the Court agrees that any effort to amend the complaint would be futile. See id.

---

[2]  The exhibits attached to Plaintiff's complaint reflect that he was convicted on March 20, 2024, in the Dauphin County Court of Common Pleas for possession of a controlled substance, obstructing the administration of law, and possession of drug paraphernalia, pursuant to a search and seizure conducted on November 23, 2021, by Defendants Bruce Cutter and Jacobbi Harper. (Doc. Nos. 1-2 through 1-4.)  Plaintiff appealed his resulting judgment of sentence, which the Pennsylvania Superior Court in turn vacated on March 19, 2025, finding that the officers lacked both reasonable suspicion and a safety concern to justify their forcible seizure of Plaintiff.  (Doc. No. 1-2 at 1.)

**ACCORDINGLY**, on this 23rd day of March 2026, upon independent review of the record and the applicable law, and for the foregoing reasons, **IT IS ORDERED THAT**:

1.  The Court **ADOPTS** the Report and Recommendation (Doc. No. 6) of Chief Magistrate Judge Bloom;

2.  Plaintiff's objection (Doc. No. 7) is **OVERRULED**;

3.  Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**; and

4.  The Clerk of Court is directed to **CLOSE** the case.

      s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

6